*561 OPINION
By BELT, J.
This is a proceeding seeking a declaratory judgment in which the plaintiff alleges that he is the duly elected, qualified and acting Probate Judge in and for Belmont County, Ohio. He further alleges as a matter of law that all the fees, costs, percentages, penalties, allowances and perquisites collected ■or received as compensation for services by the Probate Judge and his deputies are for the sole use and benefit of the treasury of the respective Counties and are held as public monies belonging to such County; that §1261-57 GC provides lor the registration of unrecorded births and for the correction of birth records, and further provides the fees that may be charged for such services; that §10501-42 GC, provides a schedule of fees to be charged and collected, if possible, which fees shall be in full for all services specified therein; that in the application for registration of unrecorded births and for the correction of birth records, and in many other proceedings in said Court, affidavits of the applicant and other persons are necessary. The petitioner, therefore, prays that the Court determine whether of not under the statutes of Ohio the petitioner is authorized, directed and required to charge a fee lor swearing the applicant and others to affidavits in addition to the other fees provided for by the various statutes; specifically praying that the Court examine the law and direct plaintiff whether he shall charge for the affidavits of the various applicants and others necessary to be filed in the Probate Court in addition to the other fees provided for by statute.
An answer has been filed by the Prosecuting Attorney for and on behalf of the County joining in the •prayer of the petition.
While the word “fees” is mentioned in the petition and in the answer, it is apparent that the statutes referred to deal with the subject of costs, which word has a general as well as a legal signification. The term “costs” legally; means those expenditures incidental to the prosecution of an action, or legal proceeding which are by law taxable in said proceedings. The term “costs” is not synonymous with “expense”, and as such were unknown at common law, so that only such fees and costs as are provided for by statute can legally be charged or collected. Legally the term “costs” is broader than the term “fee”. A fee is a charge fixed by law for the service of a public officer or for the use of a privilege under the control of the government, as sheriff’s fees, custom house fees, license fees; whereas the term “costs” means, in a general sense,' expense incurred in litigation.
“The term 'fees’ is used to designate the sums prescribed by law as charges for services rendered by public officers.” — City of St. Louis v Meintz, 18 S. W. 30.
“Costs” properly signify payment by adverse party, or granted, by law to the prevailing party by way of indemnity for maintaining an action or vindicating a defense. To illustrate, the expense of a legal advertisement is costs but not fees.
An examination of the various statutes pertaining to fees and costs in the Probate Court indicates the desirability and necessity for a clarification and codification oí the various sections and a regrouping of same in one or more sections of the code. This condition has been brought about by *562 piece-meal enlargement of the jurisdiction of the Probate Court and thus we find many sections of the code dealing with the matter of fees and costs. Codification should he by legislative action upon the request of the Bureau of Inspection and Supervision of Public Offices, the Probate Judges Association, or other interested groups. These statutes, in the opinion of this Court, should not only be regrouped hut should be made certain and specific. The necessity for further legislation on this subject will become apparent upon investigation.
Sec. 10501-42 GC, is the chief section providing for Probate Court lees and contains forty-eight different provisions. The first paragraph provides as follows:
“The fees enumerated in this section shall be charged and collected, if possible, by the Probate Judge and shall be in full for all services rendered in the respective proceedings.”
Then follows the various proceedings mentioned.
Sec. 10501-44 provides that:
“For other services for which compensation is not otherwise provided by law the Probate Judge shall be allowed the same fees as are allowed the Clerk of the Court of Common Pleas for similar service.”
The fees of a Clerk of the Court of Common Pleas are provided for in §2900, §2901, and other sections of the code, namely, §§8912, 11089, 11786, 11145 and 12189, and perhaps some other sections. Sec. 2901-provides a fee of twenty-five cents lor taking each affidavit, including certificate and seal. Sec. 10501-46 GC, provides that the Probate Judge shall administer oaths and make certificates in pension and bounty cases without compensation. Relating to a certificate to practice medicine or surgery, §1280 GC, provides that the Probate Judge for recording and indexing each certificate shall charge fifty cents. In inheritance tax cases, as set out in §5348-10A, the Probate Judge shall be allowed a fee of $5.00 in each proceeding in which tax is assessed, and a fee of $3.00 when no tax is found due. And then we have §§6044 pertaining to licenses for tobacco1 warehouses; 6327, watercraft licenses; 110S9, appropriation of property; 11145, ■assignments; in all of which sections specific fees are provided for. Sec. 11529 GC, authorizes the taking of depositions before a Probate Judge and the fees are provided for in §11545 GC. And then again in the chapter relating to proceedings in aid of execution, §11786 GC, provides that the fees of the Probate Court for its services herein required shall be the sum of $5.00 in each case and such fees as are allowed by law to Clerks of the Common Pleas Court for similar services. Sec. 2982 GC, provides that the Probate Judge shall keep full and regular account of all official fees, costs, percentages, penalties, allowances or other perquisites charged or collected by him and such accounts shall be records of the offices. At all times such accounts shall be subject to the examination of any person. See. 2977 GC, provides that all such fees, costs, percentages, penalties, allowances and other perquisites collected or received by law as compensation for services by the Probate Judge shall be so received and collected for the sole use of the treasury of the County. And a subsequent section, 3000 GC, provides that no Probate Judge shall make any reduction, abatement or remittance of any fees, costs, percentages, penalties, allowances and *563 perquisites of any money required by law to be charged and collected by him. A table of fees shall be posted by the Probate Judge in a conspicuous place in his office;— §3037 GC. And the law further provides for the filing of an itemized account of fees received and charged. The above are just some of the sections referring to fees and costs to be charged and collected by a Probate Judge.
See. 1261-57 GC, is specifically mentioned in the petition and a construction thereof sought as the same pertains to fees to be charged and collected. Said section provides for the registration of unrecorded births and the correction of birth records. The provisions, in substance. are, that whoever claims to have been born in the State of Ohio, and whose registration of birth is not recorded, or has been lost or destroyed, or has been improperly or inaccurately recorded, may file an application for registration or correction in the Probate Court of the County of his birth, the County of his residence, or the County in which his mother resided at the time of his birth. The application to correct a birth record shall set forth all the available facts required on a certificate of birth and the reasons for such application and shall be duly verified by the applicant. Upon the filing of the application, the Court, in its discretion, may fix a date for hearing thereon and it may require one publication of notice in a newspaper of general circulation in the County. The application shall be supported by the affidavit of the physician in attendance, if available, and if not available, by at least two persons having knowledge of the facts stated therein, or by documentary evidence, or such other evidence as the Court may deem sufficient. These provisions also apply to applications for registration. In proceedings to register a birth the Probate Judge or a special master commissioner shall personally examine the applicant in open court and shall take sworn testimony which shall include at least two credible witnesses, or clear and convincing documentary evidence, and the Court may conduct such investigation as it deems necessary and shall permit the cross examination' of witnesses by an interested person, or when the witness is unable! to appear in open court the Court may authorize the taking of his deposition. Said section further provides that the Court in its discretion, may cause a complete record to be taken of the hearing and shall file the same with the other papers in the case, and may, in its discretion, order the transcript of the testimony filed and made a matter of record. The section further provides that the application, affidavits, findings and orders of the Court, together with the transcript of the testimony as ordered by the Court, for the correction of a birth record or for the registration of a birth, shall be recorded in a book kept for that purpose and shall be properly indexed and that such book shall become a part of the records of the Probate Court. The last paragraph of the section reads as follows:
“An application to correct a birth record shall be accompanied by a filing fee of $2.00 and an application for registration of a birth shall be accompanied by a filing fee of $3.00. All costs in connection with such applications and any hearings thereon shall be assessed against the applicant.”
*564 *563 It clearly appears, we think, upon a review of all of the sections pertaining to fees to be charged *564 by the Probate Court that in the ordinary proceedings in such Court the fees are specifically provided for and fixed, as in §10301-42 GC, hereinbefore referred to. The same situation exists as to many of the other sections referred to, notably §§5348-10A, 10501-46, 1280, 6044, 6327, 11145, 11545, and perhaps other sections of the General Code; while in other special proceedings, such as fees in ditch cases, §8912 GC; appropriation proceedings §11089 GC, and some others, the fees are to follow the schedule provided for in §2901 GC, which pertains to the Clerk of Courts.
In all such special proceedings where the fees are not specifinally fixed the Clerk of Courts’ schedule is to be followed, which includes a fee of twenty-five cents for affivits. In all other cases, as above indicated, the fees are fixed by special statutes pertaining to the particular proceeding, and there is no provision for assessing a charge of twenty-five cents, or any other sum, for any affidavit that may be filed therein.
Statutes containing special provisions generally operate as an exception to the general provisions which accordingly must yield to the former. That is to say, that a special statute usually take precedence and accordingly modifies, qualifies, limits, restricts, controls, governs and prevails over the general provisions.
The question that now specifically arises is, in which category should §1261-57 GC, be placed? The procedure generally followed In both the proceeding for the correction of a birth record as well as registration of an unrecorded birth is that with the application and as a part of the same the affidavit of the physician or the affidavit of at least two persons are filed. The statute says that the-filing fee in the one case shall be $2.00 and in the other $3.00. That would seem to indicate that the respective sums mentioned are to be considered as payment in full of all costs in said proceedings except costs of any legal publication, which is always an additional cost, and the cost of taking a deposition, which is likewise an additional charge. Such construction is indicated by the language used in that part of the statute quoted. The $2.00 and $3.00 items are designated as “fees”, while the last sentence in the section refers to the matter of “costs” and is not limited to fees. If there were further fees to be charged, the legislature would undoubtedly have said so, but the use of the two terms “fees” and “costs” can be harmonized as hereinbefore indicated by treating advertising expense and expense of deposition as costs and not fees.
The Court, therefore, holds that where no publication is had and no deposition is taken, the fee of $2.00 and $3.00, respectively, constitute full payment of all legal charges in connection with correction and registration of births, but that when a deposition is required or a publication had, those items would constitute additional costs. The costs of a deposition are specifically provided for and presents no problem, and the charge for a legal advertisement is fixed by statute.
To recapitulate, the construction of the Court is that in all cases where the fees are specifically fixed by statute, such statute shall be followed in the assessment of costs, and exclude any.other costs or fees; that in special proceedings where the fees are not specifically provided for, the fees shall follow the Clerk of Courts’ schedule *565 which includes a twenty-five cents ■charge for each affidavit taken and certified by the Probate Judge or his deputies, and that the fees being provided for in the matter of registration and correction of birth records, those fees exclude all other charges, except costs of depositions and advertising expenses.
A special entry may be drawn •conforming to this opinion.